# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| RACHELLE ISABEL SCOTT, Individually and as Personal Representative of the Estate of MARK SCOTT, deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO.: 1:22-cv-00191 ) |
| CONTINENTAL MOTORS SERVICES, INC., a foreign corporation; CONTINENTAL AEROSPACE TECHNOLOGIES, INC., a foreign corporation; and TELEDYNE CONTINENTAL MOTORS, INC., a foreign corporation, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Comes now Defendant Continental Aerospace Technologies, Inc.[1] ("Continental") and, pursuant to 28 U.S.C. § 1332, 1441, and 1446, files its Notice of Removal of said cause of action to the United States District Court for the Southern District of Alabama, Southern Division. In support thereof, Continental shows as follows:

1. On May 10, 2022, Rachelle Isabel Scott, Individually and as Personal Representative of the Estate of Mark Scott, deceased, filed an action in the Circuit Court of Mobile County, Alabama, styled *Rachelle Isabel Scott, individually and as Personal Representative of the Estate of Mark Scott, deceased v. Continental Motors Services, Inc., et al.*, Civil Action No. CV-

---

[1] Teledyne Continental Motors, Inc. changed its name to Continental Motors, Inc. in 2011. Continental Motors Services, Inc. was merged into Continental Motors, Inc. in August 2018. Continental Motors, Inc. changed its name to Continental Aerospace Technologies, Inc. in January 2020. As such, Continental Aerospace Technologies, Inc. is the only remaining entity of the three Defendants named by Plaintiff.

2022-900747, against the Defendants alleging negligence.  (*See* Complaint, attached hereto as Exhibit A.)

2. As established below, this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 (Diversity Jurisdiction) and 28 U.S.C. § 1441 (Removal Jurisdiction).  Less than 30 days have elapsed since Continental first received the Complaint on May 11, 2022, and the time within which to answer or otherwise plead has not yet expired.  Continental has not yet been formally served.

3. This action could have been filed in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and Continental, and the amount in controversy exceeds the jurisdictional minimum of $75,000.00, exclusive of interest and costs.

4. The United States District Court for the Southern District of Alabama is the federal judicial district encompassing the Circuit Court of Mobile County, Alabama, where the Plaintiff originally filed suit.  Venue, therefore, is proper under 28 U.S.C. § 1441(a).

## DIVERSITY OF CITIZENSHIP

5. The decedent (Mark Scott) was a citizen of Miramar, Florida at the time of his death.  As such, Plaintiff, as the Personal Representative of the Estate of Mark Scott, is deemed to be a citizen of Florida.  *See* 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . .")  Plaintiff is also a citizen of Florida.

6. Continental is a citizen of Delaware and Alabama because it is incorporated in Delaware and maintains its principal place of business in Alabama.  (*See* Ex. A, ¶ 5, 8, 11.)

7. Continental has not yet been served.  As such, the "forum defendant rule" set forth in 28 U.S.C. § 1441(b)(2) does not prevent the removal of this action.  *See Logan v. McKinney*

*Drilling, LLC*, No. 1:20-00268-JB-MU, 2021 WL 354462, *5-6 (S.D. Ala. Feb. 2, 2021) (stating that "[t]he Resident Defendant Rule is not implicated until a forum defendant has been served under state law"); *see also Encompass Ins. Co. v. Stone Mason Restaurant Inc.*, 902 F.3d 147, 151-54 (3d Cir. 2018) (holding that an in-state defendant may remove an action to federal court when it has not been served prior to removal).

## AMOUNT IN CONTROVERSY

8. Plaintiff's Complaint admits that the amount in controversy exceeds $75,000.00. (*See* Ex. A, ¶ 1.)

## OTHER

9. Pursuant to 28 U.S.C. § 1446(a), copies of the process, pleadings, and orders filed in the Circuit Court of Mobile County, Alabama are attached hereto as Exhibit A and B.

10. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Mobile County, Alabama and Plaintiff is being provided with written notice of the filing of this Notice of Removal. (*See* Certification, attached hereto as Exhibit C; Notice to Plaintiff, attached hereto as Exhibit D; Continental's Notice of Filing Notice of Removal, attached hereto as Exhibit E.)

## CONCLUSION

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. There is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Because Continental has not been formally served prior to the removal of this action, the "forum defendant rule" as set forth in 28 U.S.C. § 1441(b)(2) does not prevent the removal of this action.

Wherefore, premises considered, Continental removes this action from the Circuit Court of Mobile County, Alabama to this Court, and respectfully requests that this Court assume jurisdiction over this civil action to the exclusion of any further proceedings in the state court.

Dated: May 11, 2022              Respectfully submitted,

>                                 ARMBRECHT JACKSON LLP
>                                 Post Office Box 290
>                                 Mobile, Alabama 36601
>                                 Telephone:(251) 405-1300
>                                 Facsimile: (251) 432-6843
>
>                                 By:   *s/ Timothy A. Heisterhagen*
>                                       Sherri Rich Ginger (GING9300)
>                                       srg@ajlaw.com
>                                       Timothy A. Heisterhagen (HEIST0290)
>                                       tah@ajlaw.com
>
>                                 *Attorneys for Defendant Continental Aerospace Technologies, Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify that on this date, May 11, 2022, I served the foregoing by electronic mail and U.S. Mail, first class and postage prepaid, on the following:

| | |
|---|---|
| Joe R. Whatley, Jr., Esq. | Steven C. Marks, Esq. |
| W. Tucker Brown, Esq. | Pablo Rojas, Esq. |
| Whatley Kallas, LLP | Podhurst Orseck, P.A. |
| 2001 Park Place North | One S.E. 3rd Avenue |
| Suite 1000 | Suite 2300 |
| Birmingham, Alabama 35203 | Miami, Florida 33131 |
| jwhatley@whatleykallas.com | smarks@podhurst.com |
| tbrown@whatleykallas.com | projas@podhurst.com |

>                                 *s/ Timothy A. Heisterhagen*
>                                 Timothy A. Heisterhagen