# Exhibit A

DOCUMENT 2
Case 1:22-cv-00191-WS-MU   Document 1-1   Filed 05/11/22   Page 2 of 14   PageID #: 6

ELECTRONICALLY FILED
5/10/2022 3:36 PM
02-CV-2022-900747.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

IN THE CIRCUIT COURT OF MOBILE COUNTY,

RACHELLE ISABEL SCOTT,
individually and as Personal
Representative of the Estate of MARK
SCOTT, deceased,

    Plaintiff,

vs.                                                           Case No.:

CONTINENTAL MOTORS SERVICES,
INC., a foreign corporation;
CONTINENTAL AEROSPACE
TECHNOLOGIES, INC., a foreign
corporation; and TELEDYNE
CONTINENTAL MOTORS, INC., a
foreign corporation.

    Defendants.
_____/

## COMPLAINT FOR WRONGFUL DEATH

Plaintiff, RACHELLE ISABEL SCOTT, as Personal Representative of the Estate of MARK SCOTT, on behalf of herself and all potential beneficiaries and heirs brings this action against the CONTINENTAL MOTORS SERVICES, INC., a foreign corporation; CONTINENTAL AEROSPACE TECHNOLOGIES, INC., a foreign corporation; and TELEDYNE CONTINENTAL MOTORS, INC., a foreign corporation and respectfully alleges as follows:

1

**JURISDICTION, PARTIES, AND VENUE**

1. This is an action for wrongful death pursuant to Alabama Wrongful Death Statutes (Ala. Code §§ 6-5-391 and 6-5-410 (2021)), the Florida Wrongful Death Act and all other applicable laws for damages in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest, costs and attorney's fees.

2. This cause of action arises out of the crash of a Piper PA 34-200 aircraft, Registration No. N887SP (hereinafter "subject aircraft").

3. At all times material, Plaintiff, RACHELLE ISABEL SCOTT, has been or will be the duly appointed Personal Representative of the Estate of MARK SCOTT, deceased, who was killed on May 12, 2020, when the subject aircraft, in which he was the student pilot, crashed onto a residential road, while attempting to make an emergency landing near Hollywood, Florida, killing the decedent and injuring the flight instructor (hereinafter "the subject flight").

4. Plaintiff, RACHELLE ISABEL SCOTT, individually and as Personal Representative of the Estate of MARK SCOTT, brings this action for her decedent's wrongful death, in her representative capacity on behalf of the Estate of MARK SCOTT, deceased, and on behalf of all potential survivors, including, but not limited to the following:

   a. RACHELLE I. SCOTT, decedent's wife;
   b. The Estate of Mark Scott; and
   c. All other potential beneficiaries.

5. Defendant CONTINENTAL MOTORS SERVICES, INC. ("Continental") is a Delaware Corporation with its principal place of business in Fairhope, Alabama. Formal service of process may be effected by serving its Registered Agent, Cogency Global, Inc., 2 N. Jackson Street, Suite 605, Montgomery, AL 36104-3821.

6. Upon information and belief, Defendant Continental may, at various material times, have operated under other corporate names and identities, including but not limited to Continental Motors FL Inc., Continental Motors Inc., Teledyne, Continental Aerospace Technologies Inc., Continental Motor, Teledyne Continental Motors Inc., and Continental Motors Services. Defendant Continental performed an overhaul of the subject aircraft's engines under one of these corporate names or a similar corporate name in Fairhope, Alabama.

7. Defendant Continental operates a facility which manufacturers and repairs engines and other aviation parts. Continental performed an overhaul and maintenance on the engines of the subject aircraft. This Court has jurisdiction over Defendant Continental because, among other things, it operates its principal place of business in Alabama.

8. Defendant CONTINENTAL AEROSPACE TECHNOLOGIES, INC. ("Continental Aerospace") is a Delaware Corporation with its principal place of business in Mobile, Alabama. Formal service of process may be effected by serving its Registered Agent, Cogency Global, Inc., 115 N. Calhoun Street, Suite 4, Tallahassee, FL 32301-1568.

9. Upon information and belief, Defendant Continental Aerospace may, at various material times, have operated under other corporate names and identities, including but not limited to Continental Motors FL Inc., Continental Motors Inc., Teledyne, Teledyne Continental Motors Inc., Continental Motor, Continental Motors Services Inc., and Continental Motors Services. Defendant Continental Aerospace performed an overhaul of the subject aircraft's engines under one of these corporate names or a similar corporate name in Fairhope, Alabama.

10. Defendant Continental Aerospace operates a facility which manufacturers and repairs engines and other aviation parts. Continental performed an overhaul and maintenance on the engines of the subject aircraft. This Court has jurisdiction over Defendant Continental

Aerospace because, among other things, it operates its principal place of business in Mobile, Alabama.

11. Defendant TELEDYNE CONTINENTAL MOTORS, INC. ("Teledyne Continental") is a Delaware Corporation with its principal place of business in Mobile, Alabama. Formal service of process may be effected by serving its Registered Agent at 2039 S. Broad Street, Mobile, AL 36615-1286

12. Upon information and belief, Defendant Teledyne Continental may, at various material times, have operated under other corporate names and identities, including but not limited to Continental Motors FL Inc., Continental Motors Inc., Teledyne, Continental Aerospace Technologies Inc., Continental Motor, Continental Motors Services Inc., and Continental Motors Services. Defendant Teledyne Continental performed an overhaul of the subject aircraft's engines under one of these corporate names or a similar corporate name in Fairhope, Alabama.

13. Defendant Teledyne Continental operates a facility which manufacturers and repairs engines and other aviation parts.  Continental performed an overhaul and maintenance on the engines of the subject aircraft. This Court has jurisdiction over Defendant Teledyne Aerospace because, among other things, it operates its principal place of business in Mobile County, Alabama.

14. Venue is proper in Mobile County, pursuant to, because, among other things, at least two Defendants maintain their principal office in the State of Alabama in Mobile County.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

15. On or about, May 12, 2020, the Plaintiff's decedent was fatally injured when the subject aircraft impacted a residential street after takeoff from North Perry Airport (HWO) in Hollywood, Florida.

16. Plaintiff's decedent was a student pilot at the Wayman Aviation Academy and/or American Flight Training.

4

17. Additionally, on board the subject flight was a flight instructor who was injured.

18. The subject flight was headed to the practice area, 14 miles away from the HWO when halfway to the practice area the right engine failed.

19. The two pilots followed the engine checklist and secured the right engine, then communicated with the HWO control tower relaying the engine failure while turning the airplane back toward HWO. The subject aircraft was unable to maintain altitude, and therefore descended across a major intersection, struck powerlines, impacted a residential road, and slid about 750 ft before striking a tree on the right side of the road. An explosion occurred and a post-crash fire ensued, and tragically, Plaintiff's decedent died.

20. As a direct and proximate result of the subject crash, the Defendants' negligence, other misconduct as herein alleged, and the consequent death of the decedent, MARK SCOTT, Defendants are liable to the Plaintiff, RACHELLE ISABEL SCOTT, for all damages to which the Estate, the survivors and/or beneficiaries are entitled, including but not limited to:

   a. Pain and suffering of the decedent, MARK SCOTT, prior to his death;

   b. Pain and suffering of the survivors, beneficiaries and heirs of decedent, MARK SCOTT;

   c. Lost society, companionship, guidance and services of decedent, MARK SCOTT to his survivors, beneficiaries and heirs;

   d. Loss of support in money or in kind;

   e. Lost net accumulations;

   f. Lost value of life;

   g. Funeral expenses; and/or

   h. Any and all other damages to which the survivor's beneficiaries, and/or the Estate of MARK SCOTT may be entitled to recover under applicable law.

## COUNT I
## NEGLIGENCE AGAINST CONTINENTAL MOTORS SERVICES, INC.

21. Plaintiff incorporates by reference Paragraphs 1-20 as though fully set forth herein.

22. At all times material, Continental operated an aviation maintenance and overhaul business that included, but was not limited to, performing maintenance on aircraft engines.

23. Continental performed, played a part in performing, or performed under a different corporate identity the last pre-accident overhaul of the subject aircraft's engines.

24. **DUTY**: At all times material, Continental owed a duty to others, including Plaintiff's decedent, to exercise the highest degree of care in performing aviation maintenance services. Among other things, Continental owed a duty to ensure that the maintenance it performed was executed to the highest degree of professional care, to ensure that the aircraft and aircraft components on which it performed maintenance were in an airworthy and reasonably safe condition, and to ensure that the aircraft and aircraft components on which it performed maintenance were free of any unreasonably dangerous conditions.

25. **BREACH**: At all times material, Continental breached its duty of care to occupants of the subject aircraft, including the decedent, in some or all of the following ways:

    a. Failing to ensure the airworthiness of the subject aircraft and/or its engines;

    b. Failing to properly maintain the subject aircraft and/or its engines;

    c. Failing to identify dangerous conditions of the subject aircraft and/or its engines;

    d. Failing to protect against known or foreseeable risks and to take precautionary measures.

    e. Failing to maintain, repair, modify, test and/or inspect the subject aircraft and the aircraft's engines to ensure that the subject aircraft could be safely operated and complied with all applicable bulletins and directives;

  f. Failing to test and/or inspect the subject aircraft and the aircraft's engines for dangerous conditions that existed and/or were likely to exist in the subject aircraft;

  g. Failing to modify, service and/or repair dangerous conditions that were known or should have been known by Continental in the exercise of reasonable care; and/or

  h. Failing to warn pilots, including Plaintiff's decedent, MARK SCOTT, of such dangerous conditions concerning and/or relating to Continental's testing and/or inspection of the subject aircraft that were known and/or should have been known to Continental.

26. **CAUSATION**: Due to Continental's negligent actions and omissions, the subject aircraft failed to perform in the manner reasonably expected in light of its nature and intended purpose.

27. Continental knew or should have known that its failure to properly maintain, perform engine overhauls on, and otherwise ensure the airworthiness of the subject aircraft, and its component parts, would create an unreasonable risk of harm or death to persons, including Plaintiff's decedent, aboard the aircraft.

28. Continental's negligence directly and proximately caused the death of decedent.

29. **DAMAGES**: As a direct and proximate result of Continental's negligence, and the consequent death of decedent, Plaintiff has been damaged and claims all damages to which the Estate is entitled under applicable law, including but not limited to:

  a. Pain and suffering of the survivors, beneficiaries and heirs of decedent;

  b. Lost society, companionship, guidance and services of decedent to his survivors, beneficiaries and heirs;

  c. Loss of support in money or in kind;

  d. Lost net accumulations;

  e. Lost value of life;

      f.      Funeral expenses; and/or

      g.      Any and all other damages to which the survivors, beneficiaries, and/or the Estate of MARK SCOTT may be entitled to recover under applicable law.

WHEREFORE, Plaintiff, RACHELLE ISABEL SCOTT, as Personal Representative of the Estate of MARK SCOTT, deceased, on behalf of the Estate and all potential beneficiaries and heirs, demands judgment against Continental for compensatory damages, costs, and such other relief this Court deems appropriate. The Plaintiff further demands a trial by jury of all issues triable as of right by a jury.

## COUNT II
## NEGLIGENCE AGAINST CONTINENTAL AEROSPACE TECHNOLOGIES, INC.

30.    Plaintiff incorporates by reference Paragraphs 1-20 as though fully set forth herein.

31.    At all times material, Continental Aerospace operated an aviation maintenance and overhaul business that included, but was not limited to, performing maintenance on aircraft engines.

32.    Continental Aerospace performed, played a part in performing, or performed under a different corporate identity the last pre-accident overhaul of the subject aircraft's engines.

33.    **DUTY**: At all times material, Continental Aerospace owed a duty to others, including Plaintiff's decedent, to exercise the highest degree of care in performing aviation maintenance services. Among other things, Continental Aerospace owed a duty to ensure that the maintenance it performed was executed to the highest degree of professional care, to ensure that the aircraft and aircraft components on which it performed maintenance were in an airworthy and reasonably safe condition, and to ensure that the aircraft and aircraft components on which it performed maintenance were free of any unreasonably dangerous conditions.

8

34. **BREACH**: At all times material, Continental Aerospace breached its duty of care to occupants of the subject aircraft, including the decedent, in some or all of the following ways:

   a. Failing to ensure the airworthiness of the subject aircraft and/or its engines;

   b. Failing to properly maintain the subject aircraft and/or its engines;

   c. Failing to identify dangerous conditions of the subject aircraft and/or its engines;

   d. Failing to protect against known or foreseeable risks and to take precautionary measures.

   e. Failing to maintain, repair, modify, test and/or inspect the subject aircraft and the aircraft's engines to ensure that the subject aircraft could be safely operated and complied with all applicable bulletins and directives;

   f. Failing to test and/or inspect the subject aircraft and the aircraft's engines for dangerous conditions that existed and/or were likely to exist in the subject aircraft;

   g. Failing to modify, service and/or repair dangerous conditions that were known or should have been known by Continental Aerospace in the exercise of reasonable care; and/or

   h. Failing to warn pilots, including Plaintiff's decedent, MARK SCOTT, of such dangerous conditions concerning and/or relating to Continental's testing and/or inspection of the subject aircraft that were known and/or should have been known to Continental Aerospace.

35. **CAUSATION**: Due to Continental Aerospace's negligent actions and omissions, the subject aircraft failed to perform in the manner reasonably expected in light of its nature and intended purpose.

36. Continental Aerospace knew or should have known that its failure to properly maintain, perform engine overhauls on, and otherwise ensure the airworthiness of the subject

9

aircraft, and its component parts, would create an unreasonable risk of harm or death to persons, including Plaintiff's decedent, aboard the aircraft.

37. Continental Aerospace's negligence directly and proximately caused the death of decedent.

38. **DAMAGES**: As a direct and proximate result of Continental Aerospace's negligence, and the consequent death of decedent, Plaintiff has been damaged and claims all damages to which the Estate is entitled under applicable law, including but not limited to:

   a. Pain and suffering of the survivors, beneficiaries and heirs of decedent;

   b. Lost society, companionship, guidance and services of decedent to his survivors, beneficiaries and heirs;

   c. Loss of support in money or in kind;

   d. Lost net accumulations;

   e. Lost value of life;

   f. Funeral expenses; and/or

   g. Any and all other damages to which the survivors, beneficiaries, and/or the Estate of MARK SCOTT may be entitled to recover under applicable law.

WHEREFORE, Plaintiff, RACHELLE ISABEL SCOTT, as Personal Representative of the Estate of MARK SCOTT, deceased, on behalf of the Estate and all potential beneficiaries and heirs, demands judgment against Continental Aerospace for compensatory damages, costs, and such other relief this Court deems appropriate. The Plaintiff further demands a trial by jury of all issues triable as of right by a jury.

## COUNT III
## NEGLIGENCE AGAINST TELEDYNE CONTINENTAL MOTORS, INC.

39. Plaintiff incorporates by reference Paragraphs 1-20 as though fully set forth herein.

40. At all times material, Teledyne Continental operated an aviation maintenance and overhaul business that included, but was not limited to, performing maintenance on aircraft engines.

41. Teledyne Continental performed, played a part in performing, or performed under a different corporate identity the last pre-accident overhaul of the subject aircraft's engines.

42. **DUTY**: At all times material, Teledyne Continental owed a duty to others, including Plaintiff's decedent, to exercise the highest degree of care in performing aviation maintenance services. Among other things, Teledyne Continental owed a duty to ensure that the maintenance it performed was executed to the highest degree of professional care, to ensure that the aircraft and aircraft components on which it performed maintenance were in an airworthy and reasonably safe condition, and to ensure that the aircraft and aircraft components on which it performed maintenance were free of any unreasonably dangerous conditions.

43. **BREACH**: At all times material, Teledyne Continental breached its duty of care to occupants of the subject aircraft, including the decedent, in some or all of the following ways:

   a. Failing to ensure the airworthiness of the subject aircraft and/or its engines;

   b. Failing to properly maintain the subject aircraft and/or its engines;

   c. Failing to identify dangerous conditions of the subject aircraft and/or its engines;

   d. Failing to protect against known or foreseeable risks and to take precautionary measures.

   e. Failing to maintain, repair, modify, test and/or inspect the subject aircraft and the aircraft's engines to ensure that the

11

        subject aircraft could be safely operated and complied with all applicable bulletins and directives;

   f. Failing to test and/or inspect the subject aircraft and the aircraft's engines for dangerous conditions that existed and/or were likely to exist in the subject aircraft;

   g. Failing to modify, service and/or repair dangerous conditions that were known or should have been known by Teledyne Continental in the exercise of reasonable care; and/or

   h. Failing to warn pilots, including Plaintiff's decedent, MARK SCOTT, of such dangerous conditions concerning and/or relating to Continental's testing and/or inspection of the subject aircraft that were known and/or should have been known to Continental.

44. **CAUSATION**: Due to Teledyne Continental's negligent actions and omissions, the subject aircraft failed to perform in the manner reasonably expected in light of its nature and intended purpose.

45. Teledyne Continental knew or should have known that its failure to properly maintain, perform engine overhauls on, and otherwise ensure the airworthiness of the subject aircraft, and its component parts, would create an unreasonable risk of harm or death to persons, including Plaintiff's decedent, aboard the aircraft.

46. Teledyne Continental's negligence directly and proximately caused the death of decedent.

47. **DAMAGES**: As a direct and proximate result of Teledyne Continental's negligence, and the consequent death of decedent, Plaintiff has been damaged and claims all damages to which the Estate is entitled under applicable law, including but not limited to:

   a. Pain and suffering of the survivors, beneficiaries and heirs of decedent;

   b. Lost society, companionship, guidance and services of decedent to his survivors, beneficiaries and heirs;

   c. Loss of support in money or in kind;

      d.     Lost net accumulations;

      e.     Lost value of life;

      f.     Funeral expenses; and/or

      g.     Any and all other damages to which the survivors, beneficiaries, and/or the Estate of MARK SCOTT may be entitled to recover under applicable law.

WHEREFORE, Plaintiff, RACHELLE ISABEL SCOTT, as Personal Representative of the Estate of MARK SCOTT, deceased, on behalf of the Estate and all potential beneficiaries and heirs, demands judgment against Teledyne Continental for compensatory damages, costs, and such other relief this Court deems appropriate. The Plaintiff further demands a trial by jury of all issues triable as of right by a jury.

DATED this 10TH day of May, 2022.

                      Respectfully submitted,

                      **WHATLEY KALLAS, LLP**

                      */s/ W. Tucker Brown*
                      Joe R. Whatley, Jr. (WHA003)
                      W. Tucker Brown (BRO228)
                      2001 Park Place North
                      Suite 1000
                      Birmingham, AL  35203
                      Tel: (205) 488-1200
                      Fax: (800) 922-4851
                      Email:  jwhatley@whatleykallas.com
                                tbrown@whatelykallas.com

                      **PODHURST ORSECK, P.A.**
                      Steven C. Marks
                      Pablo Rojas
                      One S.E. 3rd Avenue, Suite 2300
                      Miami, Florida 33131
                      Tel: (305) 358-2800
                      Fax: (305) 358-2382
                      Email:  smarks@podhurst.com
                                projas@podhurst.com